UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE LOUISIANA

| | |
|---|---|
| ACADIANA PHYSICAL THERAPY & SPORTS MEDICINE, LLC and ACADIANA PHYSICAL THERAPY, INC. | NO.: <br><br> JUDGE: |
| VERSUS | MAGISTRATE JUDGE: |
| JEAN P. SOILEAU, JEAN P. SOILEAU, LLC, KENDRA SOILEAU, JACQUES SOILEAU, WALTER GLENN SOILEAU | JURY TRIAL DEMANDED |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Acadiana Physical Therapy & Sports Medicine, LLC ("APTSM, LLC"), a Louisiana limited liability company, and Acadiana Physical Therapy, Inc. ("Acadiana PT, Inc."), a Louisiana corporation, who aver:

1.

Made Defendants herein and indebted to Plaintiffs for any and all damages as are reasonable under the premises, with legal interest from the date of judicial demand until paid and attorney fees, are the following:

    A.    **Jean P. Soileau**, a person of the full age of majority and domiciliary of St. Martin Parish, Louisiana, who resides at 1101 Debra Drive, Breaux Bridge, Louisiana 70517;

    B.    **Jean P. Soileau, LLC**, a Louisiana limited liability company domiciled in St. Martin Parish, which may be served through its registered Agent, Jean P. Soileau, 1101 Debra Drive, Breaux Bridge, Louisiana 70517;

    C.    **Kendra Soileau**, a person of the full age of majority and domiciliary of St. Martin Parish, Louisiana, who resides at 1101 Debra Drive, Breaux Bridge, Louisiana 70517;

D. **Jacques Soileau**, a person of the full age of majority and domiciliary of St. Martin Parish, Louisiana, who resides at 2089 Main Hwy, Arnaudville, Louisiana 70512; and

E. **Walter "Glenn" Soileau**, a person of the full age of majority and domiciliary of St. Martin Parish, Louisiana, who resides at 491 Kent St., Breaux Bridge, Louisiana 70517.

## JURISDICTION

2.

Plaintiffs aver on information and belief, and upon reasonable investigation and research that Federal RICO laws, 18 U.S.C. §§ 1961-1968, underlie one of the causes of action herein.

3.

This Court has original jurisdiction over the RICO claim under 18 U.S.C. § 1964(c) (RICO) and 28 USC 1331 (federal question). This Court also has jurisdiction over the claims arising under Louisiana law under 28 U.S.C. § 1367 (supplemental jurisdiction).

## VENUE

4.

This Court is an appropriate venue in this matter because of the Defendants in this case, Jean P. Soileau, Jean P. Soileau, LLC, Kendra Soileau, Jacques Soileau and Walter "Glenn" Soileau, reside within the Western District of Louisiana, and the actions described herein occurred within the Western District of Louisiana.

## PARTIES

5.

Plaintiff, APTSM, LLC, has three members, each of which holds an equal percentage ownership interest. The three members are Ricky J. Landry, LLC, John R. Roy, LLC, and Defendant, Jean P. Soileau, LLC.

6.

Plaintiff, Acadiana PT, Inc., has three shareholders, each of which owns an equal number of shares of stock. The three stockholders are Ricky J. Landry, John R. Roy, and Defendant, Jean P. Soileau.

7.

APTSM, LLC and Acadiana PT, Inc., are associated entities which each provide services vital to the operation of three physical therapy clinics operating under the name "Acadiana Physical Therapy & Sports Medicine." APTSM, LLC employs the Physical Therapists, Physical Therapy Assistants and Physical Therapy Technicians, and is solely responsible for patient care. Acadiana PT, Inc. provides financial, billing, collection and medical record services, and coordinates with the outside billing contractor.

8.

The three physical therapy clinics operated by Plaintiffs are located in Lafayette Parish and St. Martin Parish. One clinic is located at 201 W. Gloria Switch Road, Lafayette, Louisiana. A second clinic is located at 816 Harding St., Lafayette, Louisiana. The third clinic is located at 1400 Rees Street, Suite D, Breaux Bridge, Louisiana.

9.

Defendant, Jean P. Soileau, is a licensed physical therapist. He is the sole member of Defendant, Jean P. Soileau, LLC. He was, at all times relevant hereto, employed by APTSM, LLC and served primarily as the Physical Therapist in the clinic in Breaux Bridge, Louisiana.

10.

Defendant, Kendra Soileau, is a former employee of Acadiana PT, Inc. who was, at all times relevant hereto, employed as the Director of Office Management. She provided services to both APTSM, LLC and Acadiana PT, Inc. Kendra Soileau is also the wife of Jean P. Soileau.

11.

Defendant, Jacques Soileau, is the brother of Defendant, Jean P. Soileau, and was, at all times relevant hereto, an attorney licensed to practice law in the State of Louisiana. He was not employed in any capacity by APTSM, LLC or Acadiana PT, Inc.

12.

Defendant, Walter "Glenn" Soileau, is the father of Defendants, Jean P. Soileau and Jacques Soileau, and was, at all times relevant hereto, an attorney licensed to practice law in the State of Louisiana. He was not employed in any capacity by APTSM, LLC or Acadiana PT, Inc.

13.

At all times relevant hereto, Jacques Soileau and Walter "Glenn" Soileau practiced law together at the firm of Soileau & Soileau in Breaux Bridge, Louisiana.

## THE ENTERPRISE

14.

The enterprise in this case is the association-in-fact of the individual Defendants. Each member of the enterprise played a different role in the scheme. At all times relevant hereto, each member of the enterprise also acted in the ordinary course of affairs as separate individuals, outside of the RICO scheme in this case.

15.

At all times relevant hereto, Jean P. Soileau engaged in the practice of physical therapy outside of the RICO enterprise. Jean P. Soileau, LLC acted as a member of APTSM, LLC outside of the RICO enterprise. Kendra Soileau engaged in employment with Acadiana PT, Inc. as the Director of Office Management, and had work duties outside of the RICO enterprise. Jacques Soileau and Walter "Glenn" Soileau engaged in the practice of law outside of the RICO enterprise.

16.

Each of the Defendants also acted in concert with each other in an association-in-fact as a part of the RICO enterprise. The purpose of the association-in-fact was to unlawfully skim, convert and embezzle funds rightfully belonging to APTSM, LLC and Acadiana PT, Inc. and convert those funds to the private funds of the Defendants. The members of the association-in-fact worked in concert with each other to convert and unlawfully take possession of the funds.

17.

Another purpose of the association-in-fact was to divert funds recovered by personal injury claimants for the payment of medical expenses incurred by the personal injury claimants and unlawfully convert those funds to the private possession of the Defendants, rather than pay the medical expenses incurred by the personal injury claimants.

18.

Another purpose of the association-in-fact was to create false records within APTSM, LLC, Acadiana PT, Inc., and within the law firm of Soileau & Soileau to conceal the conversion of funds.

## PREDICATE ACTS AND RACKETEERING ACTIVITY

19.

The predicate acts include conspiracy to commit and commission of theft, conversion and embezzlement of funds not rightfully belonging to the Defendants through fraudulent and unauthorized actions which include wire fraud. The injuries to Plaintiffs occurred in the commission of the fraudulent actions, as a necessary element of the unlawful activity. The predicate acts known at this time occurred on multiple occasions between 2015 and 2018. The first discovery of the acts sued upon herein occurred in late 2018.

20.

The nature of the RICO enterprise was as follows.

21.

Attorneys Jacques Soileau and Walter "Glenn" Soileau would refer clients of their law practice to the Acadiana Physical Therapy & Sports Medicine clinics for physical therapy services, including the clinic in Breaux Bridge. The clients so referred had retained Jacques Soileau and/or Walter "Glenn" Soileau to assert personal injury claim claims on their behalf against third parties.

22.

Jean P. Soileau would either provide physical therapy services to the personal injury claimants and/or would create a record of having provided physical therapy services to the claimants for certain clients referred to the clinic in Breaux Bridge, Louisiana.

23.

An invoice would be generated on behalf of Acadiana Physical Therapy & Sports Medicine to the personal injury claimants for physical therapy services.

24.

If a patient of Acadiana Physical Therapy & Sports Medicine was involved in a personal injury claim, but did not recover in that claim sufficient funds to pay the full cost of physical therapy services, Kendra Soileau, as the Director of Office Management for APTSM, LLC and Acadiana PT, Inc., had the authority to reduce the patient's bill up to fifteen percent (15%). Any additional reduction could only be performed upon the approval of the members and shareholders of APTSM, LLC and Acadiana PT, Inc.

25.

However, as part of the enterprise sued upon in this action, for certain personal injury litigation patients referred by Jacques Soileau and/or Walter "Glenn" Soileau, Kendra Soileau would write off between 50% and 100% of the amount owed by the patients to APTSM, LLC.

26.

The write offs by Kendra Soileau in furtherance of the enterprise sued upon in this matter were fraudulent, unauthorized and were not supported. The purpose of the write offs was solely in furtherance of the unlawful goals of the enterprise.

27.

The specific personal injury claimants referenced in the preceding paragraphs did, in fact, recover sufficient amounts in their personal injury claims to pay the full amount of the invoices for physical therapy services provided by Acadiana Physical Therapy & Sports Medicine.

28.

Upon information and belief, attorneys Jacques Soileau and/or Walter "Glenn" Soileau would inform the personal injury clients who they had referred to Acadiana Physical Therapy & Sports Medicine that a portion of their claim settlement or recovery was deducted to pay the

physical therapy invoice of Acadiana Physical Therapy & Sports Medicine. Attorneys Jacques Soileau and/or Walter "Glenn" Soileau would, in fact, disburse the client funds for physical therapy services to themselves and to Jean P. Soileau and Kendra Soileau.

29.

The communications between and among Jean P. Soileau, Kendra Soileau, Jacques Soileau, Walter "Glenn" Soileau and the individual patients/personal injury clients, included telephonic communications, email, text messages, and other wire communications, made with an intent to further the fraud scheme.

30.

The members of the association in fact would make false entries into the financial and corporate documents of APTSM, LLC, Acadiana PT, Inc. and the law firm of Soileau & Soileau to conceal the RICO enterprise. Furthermore, false invoices, false write offs, and false attorney-client documents were created. Upon information and belief, documents in furtherance of the enterprise were transmitted by mail and/or wire, in order to mislead and/or defraud, in furtherance of the overall enterprise and scheme of the Defendants.

31.

The overall scheme to defraud also included bank deposits and withdrawals, which were transmitted and cleared using interstate wire transmissions, which were caused to be made by the members of the enterprise with the intent to further the fraudulent scheme.

32.

While the investigation into the overall scheme is ongoing, Plaintiffs have identified several individual acts in furtherance of the fraudulent scheme which resulted in cash payments to members of the enterprise which occurred on or around February 11, 2015; November 10,

2016; January 1, 2017; February 17, 2017; May 10, 2017; July 31, 2017; and April 18, 2017. All of the acts in furtherance of the scheme were concealed from Plaintiffs at the time they occurred.

33.

The actions of the association in fact of Defendants constitutes a pattern of multiple unlawful predicate acts of racketeering activity over a sustained period of time, in furtherance of an overall scheme to engage in theft and fraud through coordinated acts of fraud, and by the transmission of false and fraudulent information by mail and/or wire. The facts of the present case establish a claim against Defendants under RICO.

## STATE LAW CLAIMS

34.

Plaintiffs incorporate all factual allegations set forth above.

35.

The actions of the Defendants also constitute a violation of the Louisiana Racketeering Act, La. R.S. 15:1351, *et seq*., and provide grounds for a civil action under Louisiana law as provided in La. R.S. 15:1356(E).

36.

The actions of the Defendants also constitute the tort of conversion and fraud under Louisiana law. The conversion and fraud subjects Defendants to liability for all damages sustained by APTSM, LLC, Acadiana PT, Inc.

## DAMAGES

37.

At the present time, the investigation into the enterprise is ongoing. However, the investigation as of this filing has shown evidence of diversion, embezzlement and unlawful

conversion of funds of APTSM, LLC, Acadiana PT, Inc. of at least $30,000.00, with the totals believed to be higher.

38.

APTSM, LLC and Acadiana PT, Inc. have suffered significant loss of income from business interruption and damage to reputation from the exposure of the theft and fraud due to the arrest of the Defendants. APTSM, LLC and Acadiana PT, Inc. have also lost significant referrals and other business as a result of the arrests and allegations of fraud. The full extent of the harm caused to the business of APTSM, LLC, Acadiana PT, Inc. due to the enterprise, including business interruption, loss of business and lost referrals, is difficult to estimate at this time. However, upon information and belief, the losses exceed $200,000.00 at this time, and continue to accrue.

39.

APTSM, LLC and Acadiana PT, Inc. have also had to expend funds investigating the activities of the enterprise, including accounting fees, legal fees, and other expenses, all of which were incurred as a direct result of the illegal acts and enterprise of the Defendants.

40.

In addition, because the actions of Defendants violated 18 USC § 1962 (RICO), Plaintiffs also plead for threefold damages, costs of suit and attorney fees under 18 USC § 1964.

41.

In addition, because the actions of Defendants violated La. R.S. 15:1353 (Louisiana Racketeering Act), Plaintiffs also plead for threefold damages, costs of suit and attorney fees under La. R.S. 15:1356(E).

JURY TRIAL DEMAND

42.

The amount of damages sustained by APTSM, LLC and Acadiana PT, Inc. substantially exceeds the jurisdictional requirement to obtain a trial by jury on the issues and claims raised herein. APTSM, LLC and Acadiana PT, Inc. pray for a trial by jury to decide all of the factual issues herein.

WHEREFORE, premises considered, Acadiana Physical Therapy & Sports Medicine, LLC and Acadiana Physical Therapy, Inc. pray that the Defendants cited herein be duly served and required to answer this Complaint, that after all legal delays and due proceedings had, that there be judgment in favor of Acadiana Physical Therapy & Sports Medicine, LLC and Acadiana Physical Therapy, Inc. for the full extent of their damages as deemed reasonable under the circumstances, multiplied threefold, for all legal interest and costs incurred, including attorney fees, and for all general and equitable relief.

Respectfully Submitted:

BREAUD & MEYERS

*s/Alan K. Breaud*

_____
ALAN K. BREAUD, Bar Roll No. 3420
TIMOTHY W. BASDEN, Bar No. 21469
600 Jefferson Street, Suite 1101
Post Office Box 3448
Lafayette, Louisiana 70502
Phone: (337) 266-2200
Fax:  (337) 266-2204
Attorneys for Acadiana Physical Therapy & Sports Medicine, LLC and Acadiana Physical Therapy, Inc.